# EXHIBIT 4

FILED

16 OCT 26 PM 12:13

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-26217-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| HUA YE, | ) CASE NO. |
| Plaintiff, | ) COMPLAINT FOR |
| vs. | ) MONETARY DAMAGES |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| Defendant. | ) |

COMES NOW the Plaintiff, Hua Ye, by and through the undersigned attorney, and states for her claim against the Defendant as follows:

## PARTIES AND JURISDICTION

1.   The Plaintiff, Hua Ye (hereafter referred to as "Ms. Ye" or "Plaintiff"), is a resident of Bellevue, Washington.

2.   The Defendant State Farm Mutual Automobile Insurance Company (hereafter referred to as "State Farm" or "Defendant"), is an insurance company providing automobile insurance in the State of Washington. The Plaintiff is informed and believes, and thereupon alleges, that, at all times

COMPLAINT FOR MONETARY DAMAGES - 1

LAW OFFICES OF AARON M.
LUKOFF & ASSOCIATES, PLLC
PO Box 1153
Bellingham, WA 98227
PH. (360) 647-5251
Fax (360) 933-4361

1  material hereto, Defendant State Farm was, and is, a corporation in the business of selling automobile

2  insurance, which conducted and still conducts business in King County, Washington.

3      3.      Jurisdiction and venue for this cause of action herein are proper in King County,

4  Washington pursuant to RCW 4.12.030, in that the insurance contract at issue herein was entered into

5  in King County, Washington.

6

7                                          **EVENTS**

8      4.      On April 11, 2015, Ms. Ye's vehicle, a 2015 Lamborghini Agriavador, was rear ended

9  while lawfully stopped for traffic in Bellevue, Washington. When the driver, Yuang Huang, attempted

10  to exchange insurance information, the at-fault driver fled the scene. The identity of the at-fault driver

11  is unknown. Under these circumstances, a first-party claim is justified under the underinsured motorist

12  portion of Ms. Ye's automobile insurance policy.

13      5.      At the time of the collision, Ms. Ye had a valid automobile insurance policy with

14  Defendant State Farm. Said policy included underinsured motorist coverage, under which the

15  Defendant was to "pay compensatory damages for property damage an insured is legally entitled to

16  recover from the owner or driver of an underinsured motor vehicle."

17      6.      The repairs to Ms. Ye's Lamborghini have totaled $139,720.71.

18      7.      The damage to Ms. Ye's Lamborghini was extensive and required removal of the

19  engine, transmission and rear drive system, replacement of the bumper and exhaust systems, and

20  painting of four major body panels. Given the specialized nature of the repairs, the work on Ms. Ye's

21  vehicle was not finished until September 11, 2015.

22      8.      As a direct and proximate cause of the automobile collision, and the extensive property

23  damage resulting therefrom, Ms. Ye's Lamborghini has sustained an extreme decrease in market value

24  known as Diminution of Value, or more commonly known as "Diminished Value."

25  **COMPLAINT FOR MONETARY DAMAGES - 2**

LAW OFFICES OF AARON M.
LUKOFF & ASSOCIATES, PLLC
PO Box 1153
Bellingham, WA 98227
PH. (360) 647-5251
Fax (360) 933-4361

9.     After repairs, Ms. Ye's Lamborghini has lost actual value, and she has not been returned to the position she held prior to the accident.

10.     Ms. Ye has opened a diminished value claim with the Defendant, State Farm, under the underinsured motorist portion of her policy.

11.     Ms. Ye has supported her claim for the amount of diminished value of her vehicle through the use of an expert report, which includes price quotes from named Lamborghini dealers.

12.     The Defendant has drastically undervalued the diminished value of the Defendant's vehicle, and has refused to disclose or rely on Lamborghini dealer price quotes in reaching its determination of the diminished value.

13.     The Defendant has refused, and continues to refuse, to offer an accurate amount for the Ms. Ye's diminished value claim.

14.     The diminished value of Ms. Ye's vehicle is within the policy limits of her underinsured motorist policy with the Defendant State Farm.

15.     Defendant State Farm's evaluation of the cash value of Ms. Ye's diminished value claim, and subsequent payment to the Plaintiff, is grossly inaccurate and without reasonable justification.

16.     The Plaintiff, as a first-party claimant, has served the Defendant State Farm and the office of the Washington State Insurance Commissioner with written notice of the basis for this cause of action. Over twenty days have passed since service of written notice, and the Defendant, State Farm, has failed to resolve the basis for this action.

## CAUSE OF ACTION – INSURANCE BAD FAITH (COMMON LAW)

17.     As the Plaintiff's insurance provider, Defendant State Farm owed Plaintiff a duty of good faith to conduct a reasonable investigation in determining the value of the Plaintiff's

COMPLAINT FOR MONETARY DAMAGES - 3

LAW OFFICES OF AARON M.
LUKOFF & ASSOCIATES, PLLC
PO Box 1153
Bellingham, WA 98227
PH. (360) 647-5251
Fax (360) 933-4361

1  underinsured motorist claim, and to have a reasonable justification for rejecting the Plaintiff's

2  valuation of her underinsured motorist claim.

3       18.     Defendant State Farm failed to act in good faith by failing to conduct a reasonable

4  investigation in determining the value of the Plaintiff's underinsured motorist claim.

5       19.     Defendant State Farm has failed to act in good faith by rejecting the Plaintiff's

6  valuation of her underinsured motorist claim without reasonable justification.

7       20.     Defendant State Farm has also failed to act in good faith by violating the standards for

8  prompt, fair and equitable settlements set forth in RCW 48.30.015(5)(e) and WAC 284-30-380.

9  Specifically, Defendant State Farm has breached it duty of responsibility "for the accuracy of

10  evaluations to determine cash value" under WAC 284-30-380(7).

## CAUSE OF ACTION – INSURANCE FAIR CONDUCT ACT

13       21.     It is a violation of the Insurance Fair Conduct Act, RCW 48.30.015, for an insurer to

14  unreasonably deny a claim for payment of benefits.

15       22.     The amount paid by the Defendant, as described above, was unreasonably low, not in

16  line with the losses claimed, not based on a reasoned evaluation of the facts, and has not compensated
the Plaintiff for the loss of value to her vehicle. Said refusal to pay a reasonable amount constitutes a

17  denial of the Plaintiff's claim for payment of benefits.

18       23.     Defendant State Farm has also violated the Insurance Fair Conduct Act by violating the

19  standards for prompt, fair and equitable settlements set forth in RCW 48.30.015(5)(e) and WAC 284-
30-380. Specifically, Defendant State Farm has breached it duty of responsibility "for the accuracy of

20  evaluations to determine cash value" under WAC 284-30-380(7). Said breach constitutes a violation of

21  the Insurance Fair Conduct Act.

## CAUSE OF ACTION – CONSUMER PROTECTION ACT

25  COMPLAINT FOR MONETARY DAMAGES - 4

LAW OFFICES OF AARON M.
LUKOFF & ASSOCIATES, PLLC
PO Box 1153
Bellingham, WA 98227
PH. (360) 647-5251
Fax (360) 933-4361

24.     The Washington Consumer Protection Act (RCW 19.86) prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

25.     The actions of the Defendant, as described above, constituted an unfair act within the meaning of the Consumer Protection Act.

## CAUSE OF ACTION – BREACH OF CONTRACT

26.     Under the Plaintiff's insurance policy, the Defendant had a duty to pay compensatory damages for property damage that the Plaintiff was legally entitled to recover from the owner or driver of the underinsured motor vehicle.

27.     By failing to compensate the Plaintiff fully for the diminished value of her vehicle, the Defendant has breached its insurance contract with the Plaintiff.

## DAMAGES

28.     As a direct and proximate result of Defendant State Farm's actions, as described above, the Plaintiff has suffered monetary damages equal to the difference between the actual cash value of her diminished value claim and the amount paid by the Defendant.

29.     As a further direct and proximate result of Defendant State Farm's actions, as described above, the Plaintiff has and will incur costs, including expert witness fees, to which she is entitled to compensation.

## ATTORNEY FEES

30.     As a further direct and proximate result of the Defendants' actions, the Plaintiff, in order to protect her interests and rights, has incurred attorney fees, and will incur additional attorney fees after the filing of this complaint, to which she is entitled to compensation.

COMPLAINT FOR MONETARY DAMAGES - 5

LAW OFFICES OF AARON M.
LUKOFF & ASSOCIATES, PLLC
PO Box 1153
Bellingham, WA 98227
PH. (360) 647-5251
Fax (360) 933-4361

**WHEREFORE,** based on the foregoing, Plaintiff **Hua Ye** requests a judgment against Defendant **State Farm** as follows:

A.    For economic damages, in an amount according to proof, for the cash value of her diminished value claim, less the amount paid by State Farm;

B.    For her statutory and reasonable attorney fees, as authorized under RCW 4.84.080, RCW 48.30.015(3), RCW 19.86.090, and applicable law;

C.    For the actual and statutory costs of litigation, including expert witness fees, as authorized under RCW 48.30.015(3) and applicable law;

D.    For treble damages under RCW 48.30.015(2), RCW 19.86.090, and applicable law;

E.    For such other relief as the court may deem just.

**DATED** this 26th day of October, 2016.

LAW OFFICES OF AARON M. LUKOFF & ASSOC., PLLC

David T. Kennedy
David T. Kennedy, WSBA #37958
Attorney for Plaintiff

COMPLAINT FOR MONETARY DAMAGES - 6

LAW OFFICES OF AARON M.
LUKOFF & ASSOCIATES, PLLC
PO Box 1153
Bellingham, WA 98227
PH. (360) 647-5251
Fax (360) 933-4361