1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

HUA YE,

Case No. C16-1836RSL

11

          Plaintiff,

12

          v.

ORDER GRANTING RELIEF
FROM EXPERT
DISCLOSURE DEADLINE

13

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

14

15

          Defendant.

16

17       This matter comes before the Court on plaintiff's "Motion Requesting Relief from

18 Deadline for Disclosure of Expert Witnesses." Dkt. # 11. For the reasons explained below, the

19 motion is GRANTED.

20                       **I.    BACKGROUND**

21       This case arises out of a dispute between plaintiff, Hua Ye, and her insurer, State Farm

22 Mutual Automobile Insurance Company ("State Farm"), over how much value her Lamborghini

23 lost when an uninsured motorist crashed into it in an April 2015 hit-and-run accident. Dkt. # 1-5.

24 After the accident, plaintiff invoked her insurance policy's uninsured motorist provision, and in

25 the fall of 2015 the parties exchanged appraisals calculating how much value her car had lost.

26 State Farm's appraiser Rob Marinelli placed the recoverable value loss $76,285 below what Ms.

27 Ye's appraiser calculated. State Farm ultimately rejected the calculations of Ms. Ye's appraiser,

28 and paid out the amount determined by Mr. Marinelli.

In October 2016, Ms. Ye filed a complaint in state court, which State Farm removed to this Court, alleging breach of contract, bad faith, and violations of Washington's Insurance Fair Conduct Act. Dkt. # 1-5. The Court set a deadline of July 12, 2017, for submitting expert witnesses and reports. See Fed. R. Civ. P. 26(a)(2). On that day, State Farm submitted a diminished-value report from a new appraiser, which said Ms. Ye could recover $37,250 more than the amount in Mr. Marinelli's report. Plaintiff later discovered that Mr. Marinelli and his company had been the subject of a June 2016 order from the Washington State Insurance Commissioner directing them to cease and desist from performing insurance-claim appraisals, because neither Mr. Marinelli nor his company's relevant appraisers had adjuster licenses issued by the Commissioner. See Dkt. # 13-2. The following month, plaintiff counsel asked to submit a report from an insurance expert opining on the implications of State Farm relying on Mr. Marinelli's report. Defense counsel refused because the deadline for submitting expert material had passed. Shortly before the discovery cutoff, plaintiff filed the instant motion seeking relief from the expert-disclosure deadline in order to include in the record expert evidence from Mary Owen, an attorney who plaintiff offers as an insurance expert.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26 requires disclosure of the expert witnesses and reports that a party intends to rely on at trial. Fed. R. Civ. P. 26(a)(2)(A)–(C). Rule 26 also requires that a party "make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If disclosure is untimely, the disclosing party may not use that expert material "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Whether to exclude untimely expert disclosures, however, "is not a strictly mechanical exercise," Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009) (citation omitted), and those decisions account for the importance of the evidence at issue, an extension's impact on a court's docket, and "the public policy favoring disposition of cases on their merits," Galentine v. Holland Am. Line-Westours, Inc., 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004).

1    The Court concludes the circumstances here warrant an extension for plaintiff to seek

2    expert evidence on the implications of State Farm relying on the Marinelli report. Plaintiff

3    discovered the state administrative proceedings against Mr. Marinelli on or after the expert-

4    disclosure deadline. The implications of relying on an unlicensed appraiser's report could have

5    particular significance for a bad faith claim that alleges an insurer failed to conduct a reasonable

6    investigation. Excluding relevant evidence on that question would ignore "the public policy

7    favoring disposition of cases on their merits." <u>Galentine</u>, 333 F. Supp. 2d at 993. Furthermore,

8    this case has no history of onerous continuances or deadline violations. Discovery is not

9    complex. No dispositive motions have been filed, and the parties appear to still have outstanding

10   depositions according to their briefs. State Farm claims it will suffer harm from having to rebut

11   the additional evidence this extension allows, but the Civil Rules provide a party with 30 days

12   following an expert-material disclosure to in turn disclose expert material in rebuttal. Fed. R.

13   Civ. P. 26(a)(2)(D)(ii). Given this case's posture and the time State Farm will have to respond,

14   the Court concludes the potential harm to State Farm is not severe enough to warrant exclusion.[1]

### III.  CONCLUSION

16   For the foregoing reasons, plaintiff's motion is GRANTED. Plaintiff will have until

17   October 9, 2017, to disclose additional Rule 26(a)(2) expert material; State Farm will have until

18   November 8, 2017, to disclose rebuttal expert material, <u>see</u> Fed. R. Civ. P. 26(a)(2)(D)(ii); and

19   the deadline for completion of discovery is continued until November 23, 2017.

20   The Court will issue a separate case management order detailing this disposition's impact

21   on remaining case deadlines.

---

[1] The parties also disagree over whether Ms. Owens may opine on the reasonableness of defendant's actions during litigation. That disagreement is irrelevant to the question of whether discovery ought to be continued, and the parties are free to address its merits in future motions.

1    DATED this 2nd day of October, 2017.

2

3

4                                              Robert S. Lasnik
                                             United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING RELIEF FROM
EXPERT DISCLOSURE DEADLINE - 4