UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUA YE,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                Defendant. | Case No. C16-1836RSL<br><br>ORDER DENYING MOTION TO BIFURCATE |

This matter comes before the Court on defendant's motion to bifurcate. Dkt. # 28. The Court has considered the parties' memoranda, declarations, and other filings.[1] For the reasons explained below, the motion is DENIED.

This case arises out of a dispute between plaintiff, Hua Ye, and her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), over how much value her Lamborghini lost when an uninsured motorist crashed into it in an April 2015 hit-and-run. Dkt. # 1-5. Ms. Ye ultimately sued over the dispute, alleging breach of contract, bad faith, and violations of

---

[1] State Farm requests that the Court strike Ms. Ye's response to its motion because the response was not timely filed under the applicable local filing deadlines. LCR 7(d)(3) requires that any opposition papers be filed and served no later than the Monday before the noting date. Ms. Ye's response was filed two days late. Counsel for Ms. Ye is admonished to closely observe filing deadlines in the future, but the Court finds striking the response in its entirety unnecessary.

ORDER DENYING MOTION TO BIFURCATE - 1

Washington's Insurance Fair Conduct Act and Consumer Protection Act. Dkt. # 1-5. During litigation, she discovered that State Farm's original appraiser, Rob Marinelli, had been the subject of a June 2016 cease-and-desist order from the Washington State Insurance Commissioner. Dkt. # 13-2. That order directed Mr. Marinelli and his company to cease and desist from performing certain insurance-related tasks, because neither he nor his company's relevant appraisers had adjuster licenses issued by the Commissioner. See id. State Farm increased its diminished-value assessment based on a new expert's appraisal, but Ms. Ye maintains that the revised value is too low and that State Farm acted in bad faith by relying on Mr. Marinelli's report. See Dkt. # 22. State Farm filed the instant motion seeking to separate trial of the breach-of-contract claim and the claims of bad faith and related statutory violations.

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may order a separate trial of one or more claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). A court's bifurcation decision is committed to its discretion. Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001). Nonetheless, separate trials are the exception, not the rule, and the Court will not bifurcate without a good reason. See id.; Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982); see, e.g., Karpenski v. Am. Gen. Life Cos., 916 F. Supp.2d 1188, 1190 (W.D. Wash. 2012) (bifurcating claims where recission claim would dispose of more complex case).

State Farm argues that bifurcation is appropriate because the claims, and their respective evidence, are distinct. To the contrary, the claims overlap on the issue of the Lamborghini's diminished value and whether State Farm's determination of that value was reasonable.

State Farm also argues that it will suffer undue prejudice from the claims being tried together. That a bad faith claim may make an insurance company look bad is inherent in the nature of this type of insurance dispute. The risk of prejudice can be adequately addressed through other means like proper jury instructions. The Court does not find the risk of potential undue prejudice rises to a level that justifies bifurcation.

Finally, State Farm asserts that resolving the breach-of-contract claim will obviate the need to try the other claims, and that bifurcation will therefore promote judicial economy. On

this case's particular facts, however, the breach-of-contract claim would not necessarily resolve the bad faith and other statutory claims. Ms. Ye alleges that State Farm's bad faith proceeds from its reliance on Mr. Marinelli's report. Even if the revised diminished value satisfies State Farm's obligations under the contract, Ms. Ye could still succeed on the other claims based on State Farm's reliance on Mr. Marinelli before it revised the car's diminished value.

For the foregoing reasons, the Court finds bifurcation is not warranted. Defendant's motion, Dkt. # 28, is DENIED.

DATED this 23rd day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge